UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFORY MASHBURN, On Behalf of   )
Minor CM, JOSEPH CORNELISON,    )
On Behalf of Minor RC,          )
DARCY TUTTORO, On Behalf of     )
Minor JT, NATHANAEL WILLIAMS,   )
AMY HINMON, BRENDA NYHART On    )
Behalf of Minor JL, All         )
individually and on behalf of   )
a class of all others           )
similarly situated,             )
                                )
           Plaintiffs,          )
                                )   No. CV-08-718-HU
     v.                         )
                                )
YAMHILL COUNTY, TIM LOEWEN,     )   OPINION AND ORDER
both individually and in his    )
official capacity as Director,  )
CHUCK VESPER, both              )
individually and in his         )
official capacity as Division   )
Manager,                        )
                                )
           Defendants.          )
_____)

Leonard R. Berman
LAW OFFICE OF LEONARD R. BERMAN
4711 SW Huber St.
Suite E-3
Portland, Oregon 97219
     Attorney for Plaintiffs

Steven A. Kraemer
HOFFMAN HART & WAGNER, LLP.

OPINION AND ORDER Page 1

1000 SW Broadway
20th Floor
Portland, Oregon 97205
    Attorney for Defendants

HUBEL, Magistrate Judge:

This is an action under 42 U.S.C. § 1983, challenging a strip search policy of the Yamhill County Juvenile Detention Center (YCJDC). The five named plaintiffs[1] seek to represent a class of similarly situated individuals. Defendants are Yamhill County, Yamhill County Director Tim Loewen, and Yamhill County Division Manager Chuck Vesper. Yamhill County, through its Juvenile Department, is responsible for all matters pertaining to the YCJDC. The individual defendants are sued in both their official and individual capacities.

Plaintiffs seek to amend the complaint to reflect the dismissal of plaintiff Darcy Tuttoro and the attainment of his majority by plaintiff JL. In addition, plaintiffs seek to amend their class definition by alleging that strip searches were conducted not only upon entry to YCJDC, but on other occasions after plaintiffs were booked. (Doc. # 18) Defendants oppose the latter portion of the motion to amend on the grounds of undue delay, prejudice, and futility.

## BACKGROUND

---

[1] Plaintiff Darcy Tuttoro, appearing on behalf of minor plaintiff JT, has been voluntarily dismissed. Doc. # 34.

OPINION AND ORDER Page 2

Plaintiffs are or were minors charged with petty crimes who were strip searched upon entry into YCJDC and on other occasions, such as meetings with counselors and attorneys. Complaint ¶ 36. They allege that the strip searches were conducted pursuant to a written or *de facto* strip search policy applicable to all juveniles entering YCJDC, regardless of the nature of the crime charged and without reasonable suspicion to believe that a particular juvenile is concealing weapons or contraband. Id. at ¶¶ 22, 26.

The class action allegation of the original complaint is as follows:

> All persons who have been or will be placed into the custody of the Yamhill County Juvenile Detention Center (YCJDC) after being charged with misdemeanors, violations, civil commitments, non-drug, non-weapon offense or other minor crimes and were or will be strip searched upon their entry into the YCJDC pursuant to the policy, custom and practice of the Yamhill County Juvenile Detention Department. The class period commences on June 12, 2006 and extends to the date on which Yamhill County is enjoined from, or otherwise cease, enforcing their unconstitutional policy, practice and custom of conducting strip searches absent reasonable suspicion. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

Id.

Plaintiffs seek to amend that allegation by inserting into the first sentence the words "and including but not limited to strip searches after contact visits with attorneys and other counselors and professionals" after the words "entry into."

///

///

OPINION AND ORDER Page 3

**STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." This rule represents a "strong policy permitting amendment." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)(court should apply Rule 15(a)'s policy of favoring amendments with "extreme liberality.") In exercising its discretion the court must be guided by the underlying purpose of Rule 15, which is to facilitate decision on the merits rather than on the pleadings or on technicalities. Id. The liberality of the rule is qualified by the requirement that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001).

Not all of the factors merit equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002)(per curiam). The consideration of prejudice to the opposing party carries the greatest weight, and is the "touchstone of the inquiry under Rule 15(a)." Id. at 1052. Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend. Id. The party opposing amendment bears the burden of showing prejudice. Id. Absent prejudice, or a strong showing of any of the remaining

factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id.

Delay alone is not sufficient grounds to deny a motion to amend. DCD Programs, 833 F.2d at 186. Although delay is not a dispositive factor in the amendment analysis, it is relevant. Prejudice may be found when amendment necessitates reopening discovery and thereby delaying the proceedings. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

## DISCUSSION

Defendants assert that they are prejudiced by the delay in filing the motion to amend. The motion to amend was filed on May 27, 2009 (doc. # 12). At a hearing on December 12, 2008, where plaintiff appeared to show cause why the case should not be dismissed for want of prosecution, a deadline for amendment of pleadings was set for February 2, 2009. Discovery closed on May 15, 2009, and the deadline for dispositive motions was May 29, 2009. After both parties requested extensions of time for dispositive motions, defendants' motion for summary judgment was filed on June 8, 2009 (doc. # 18).

Defendants characterize the proposed amendment to the class allegations as the addition of a "subclass," and contend that granting the motion to amend will necessitate reopening discovery and force defendants to amend their motion for summary judgment.

OPINION AND ORDER Page 5

I do not find this argument persuasive.

The delay in filing the motion to amend is not dispositive of the question of whether amendment should be allowed, and the scheduling of this case will not be unduly disrupted by granting the amendment. Although discovery has closed, plaintiffs' motion for class certification is not due until December 18, 2009, the pretrial order in this case is not due until September 14, 2010, and trial does not begin until October 18, 2010. Moreover, the original complaint alleged strip searches other than those performed before plaintiffs were booked into YCJDC. Defendants were presumably aware of such searches, but even if they were not, the complaint put them on notice that such searches were at issue. Thus, defendants could hardly have been surprised by the proposed amendment to the class allegations of the complaint.[2] Furthermore, denying the amendment might only encourage the filing of a separate action.

---

[2] Defendants' motion for summary judgment argues that

> [p]laintiffs factually discuss various other searches
> conducted after the plaintiffs were admitted to YCJDC
> [but] [p]laintiffs do not allege that these various
> other searches are part of a particular YCJDC policy.
> Plaintiffs do not allege that these various other
> searches are unconsitutional. Plaintiffs do not allege
> that these various other searches are part of the
> proposed class... .

Defendants' Memorandum, p. 9. However, defendants' motion for summary judgment was, as noted, filed <u>after</u> plaintiffs filed the motion to amend with the proposed new class allegation.

Beyond a generic argument that plaintiffs' proposed amendment would require reopening discovery and amending their summary judgment motion in some undefined way, defendants have not identified any additional discovery that would be required by granting the motion to amend. I conclude, therefore, that defendants have not carried their burden of demonstrating prejudice.

Defendants also contend that plaintiffs' proposed amendment is futile because plaintiffs have "failed to assert how the proposed amendment could withstand summary judgment," citing a case from the Seventh Circuit, Sound of Music Co. v. Minnesota Min. & Mfg. Co., 477 F.3d 910, 923 (7th Cir. 2007). Defendants have not elaborated further on why the proposed amendment would be futile. If defendants intend to challenge the legal adequacy of the class action allegation in a specific manner, they will have the opportunity to do so when plaintiffs make their motion for class certification in December 2009. The court will not speculate on the basis for the challenge or on plaintiffs' likelihood of success.

Plaintiffs are allowed to amend for the reasons stated. However, the court notes again the order to show cause why this case should not be dismissed for lack of prosecution. The court also notes the fact that plaintiffs' motion to amend was filed over four months after the deadline set by the court, and that

OPINION AND ORDER Page 7

plaintiffs neither mentioned the previous deadline nor sought relief from it. Plaintiffs should not expect any further extensions of court deadlines.

## CONCLUSION

Plaintiffs' motion for leave to file an amended complaint (#12) is GRANTED.

IT IS SO ORDERED.

DATED this 29th day of July, 2009.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

Id.