IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEFORY MASHBURN, On Behalf of Minor CM, JOSEPH CORNELISON, On Behalf of Minor RC, NATHANAEL WILLIAMS, AMY HINMON, JOSEPH LEWIS, individually and on behalf of a class of all others similarly situated,** | CV 08-718-HU<br>OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| **YAMHILL COUNTY, TIM LOEWEN, both individually and in his official capacity as Director, CHUCK VESPER, both individually and in his official capacity as Division Manager,** | |
| Defendants. | |

**MOSMAN, J.**,

Plaintiffs are or were minors who were strip searched upon entry into the Yamhill County Juvenile Detention Center ("YCJDC") and after "contact visits" with non-YCJDC staff members. Plaintiffs sued defendants under 42 U.S.C. § 1983, alleging that the YCJDC's strip search policy is unreasonable under the Fourth Amendment. Before Judge Hubel, defendants and plaintiffs filed cross-motions for summary judgment on the constitutionality of the strip searches and qualified immunity for defendants Tim Loewen and Chuck Vesper. (*See* Def.'s Mot. for Summ. J.

(#18); Pl.'s Mot. for Summ. J. (#24).) On March 11, 2010, I adopted Judge Hubel's recommendation that I find the contact visit searches unconstitutional but grant Mr. Loewen and Mr. Vesper qualified immunity. (Op. & Order (#79).) I also found the scope of the entry visit strip searches unconstitutional in that they require juveniles to remain naked for longer than it takes to effectuate the purpose of the strip search, but held Mr. Vesper and Mr. Loewen are entitled qualified immunity on that claim as well. (*Id.*)

Defendants subsequently moved for an order certifying this case for appeal to the Ninth Circuit (#81). I agree that resolution of defendants' and plaintiffs' cross-motions for summary judgment involves a controlling question of law as to which there is substantial ground for difference of opinion. *See* 18 U.S.C. § 1292(b). I further find an immediate appeal from the Opinion and Order of March 11, 2010 (#79) will materially advance the ultimate termination of this litigation. *See id.* Accordingly, I GRANT Defendants' Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b) (#81). The Court's Opinion and Order of March 11, 2010 (#79) will be amended to reflect these findings.

IT IS SO ORDERED.

DATED this  4th  day of May, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 OPINION AND ORDER